UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRIOUS TARELL MOORE,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-1012-JD-MGG

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Derrious Tarell Moore, a prisoner without a lawyer, filed a complaint against two defendants. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Moore asserts that, on July 5, 2020, he was stabbed multiple times by inmates outside of his cell and sustained serious injuries. ECF 1 at 2. Following the assault, he was rushed to the hospital where he underwent surgery for a collapsed right lung and was given emergency blood transfusions. *Id*.

After he returned from the hospital, he was placed in the prison's segregation unit. ECF 1 at 3. At that time, his surgical wound began to bleed heavily. *Id*. He reported

his condition to the medical staff and was told to put pressure on the wound to stop the bleeding and fill out a healthcare request form. *Id*. Moore represents that, because his wound bled for the next few days, he was given an x-ray. *Id*. He states he could feel the fluids in his chest loosen and shift and, although he complained about his condition, he was not given any medical care. *Id*. Because he was unable to get treatment, he told the prison's staff he had swallowed batteries so that he would be taken to the hospital. *Id*. When he arrived at the hospital, he admitted he had not swallowed the batteries and was prescribed pain medication for cramping muscles. *Id*. Moore was also given a referral to see his surgeon. *Id*. However, he never received the medication and has not had a follow-up appointment with his surgeon. *Id*. Moore also states he has requested his hospital records, but never received them. *Id*.

In this case, Moore is suing Dr. Kimberly Myers and Warden William Hyatte for violating his Eighth Amendment rights against cruel and unusual punishment. ECF 1 at 3. With respect to Dr. Myers, he asserts she knew he required medical care but refused to provide it to him. *Id*. As to Warden Hyatte, Moore asserts he failed to protect him from being stabbed because there was no prison staff near his cell when the incident occurred. *Id*. However, a lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003); *see also Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Here, Moore has failed to assert facts that show these two defendants were personally

involved in the alleged constitutional violations. Therefore, he may not proceed against them.

While Moore's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Moore should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Derrious Tarell Moore;

(2) GRANTS Derrious Tarell Moore until **June 21, 2021**, to file an amended complaint on that form; and

(3) CAUTIONS Derrious Tarell Moore that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3